IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND-ODESSA DIVISION

| | |
|---|---|
| JESSIE BROWN, CARLOS BROWN, JEREMY EVANS AND VICTOR GARCIA, § § § | |
| Plaintiffs, § § | |
| v. § | CAUSE NO. 7:23-cv-00182-DC-RCG |
| § | |
| FRAC SPYDER, LLC, § § | |
| Defendant. § | |

**DEFENDANT'S ANSWER**

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Defendant Frac Spyder, LLC ("Defendant") files this Answer and would respectfully show the Court as follows:

**I.   PRELIMINARY STATEMENT**

1. Defendant admits that Plaintiffs Jessie Brown, Carlos Brown, Jeremy Evans and Victor Garcia ("Plaintiffs") purport to file a collective action. Defendant denies that Plaintiffs are entitled to relief as alleged in paragraph 1. Defendant denies the balance of the allegations contained in paragraph 1.

2. Defendant admits that Plaintiffs purport to bring this action under the Fair Labor Standards Act ("FLSA"). Defendant denies that Plaintiffs are entitled to relief as alleged in paragraph 2. Defendant denies the balance of the allegations contained in paragraph 2.

3. Defendant denies the allegations contained in paragraph 3.

## II.     JURISDICTION AND VENUE

4. Defendant admits that this Court has subject-matter jurisdiction as alleged in paragraph 4. Defendant denies the balance of the allegations contained in paragraph 4.

5. Defendant admits that venue is proper in this Division as alleged in paragraph 5. Defendant denies the balance of the allegations contained in paragraph 5.

6. Defendant admits this it does business in this District and has its principal place of business in this District as alleged in paragraph 6. Defendant denies the balance of the allegations contained in paragraph 6.

## III.     PARTIES

7. Defendant incorporates for reference the preceding paragraphs.

8. Defendant is without information or belief as to the current residence of Plaintiff Jessie Brown. Defendant admits that Plaintiff Jessie Brown rendered services on a contract basis as a fuel technician within the three years preceding the filing of his Original Complaint, as alleged in paragraph 8. Defendant denies the balance of the allegations contained in paragraph 8.

9. Defendant is without information or belief as to the current residence of Plaintiff Carlos Brown. Defendant admits that Plaintiff Carlos Brown rendered services on a contract basis as a fuel technician within the three years preceding the filing of his Original Complaint, as alleged in paragraph 9. Defendant denies the balance of the allegations contained in paragraph 9.

10. Defendant is without information or belief as to the current residence of Plaintiff Jeremy Evans. Defendant admits that Plaintiff Jeremy Evans rendered services on a contract basis as a fuel technician within the three years preceding the filing of his Original Complaint, as alleged in paragraph 10. Defendant denies the balance of the allegations contained in paragraph 10.

11. Defendant is without information or belief as to the current residence of Plaintiff Victor Garcia. Defendant admits that Plaintiff Victor Garcia rendered services on a contract basis as a fuel technician within the three years preceding the filing of his Original Complaint, as alleged in paragraph 11. Defendant denies the balance of the allegations contained in paragraph 11.

12. Paragraph 12 is a legal conclusion to which no response is required.

13. Defendant admits that it is a Texas limited liability company and that it has been properly served. Defendant denies the balance of the allegations contained in paragraph 13.

14. Defendant admits that it is an employer as defined by the FLSA. Defendant denies that it was Plaintiffs' employer as alleged in paragraph 14.

15. Defendant admits the allegations contained in paragraph 15.

16. Defendant admits the allegations contained in paragraph 16.

17. Defendant admits the allegations contained in paragraph 17.

## IV.   FACTUAL ALLEGATIONS

18. Defendant incorporates for reference the preceding paragraphs.

19. Defendant denies the allegations contained in paragraph 19.

20. Defendant denies the allegations contained in paragraph 20.

21. Defendant admits that Plaintiffs were paid on an hourly basis as alleged in paragraph 21. Defendant denies that Plaintiffs were classified as employees and denies the balance of the allegations contained in paragraph 21.

22. Defendant admits that Plaintiffs sometimes worked more than forty (40) hours per week. Defendant denies the balance of the allegations contained in paragraph 22.

23. Defendant admits that Plaintiffs were sometimes paid a premium of one-and-one-half times their regular rate of pay for hours worked over 40 in one week.  Defendant denies the balance of the allegations contained in paragraph 23.

24. Defendant denies the allegations contained in paragraph 24.

25. Defendant denies the allegations contained in paragraph 25.

26. Defendant denies the allegations contained in paragraph 26.

27. Defendant denies the allegation contained in paragraph 27.

28. Defendant denies the allegation contained in paragraph 28.

29. Defendant denies the allegations contained in paragraph 29.

30. Defendant denies the allegations contained in paragraph 30.

## V.     REPRESENTATIVE ACTION ALLEGATIONS

31. Defendant incorporates for reference the preceding paragraphs.

32. Defendant admits that Plaintiffs purport to bring this suit as a collective action but denies that they are representative plaintiffs and denies that they are entitled to relief.  Defendant denies the balance of the allegations contained in paragraph 32.

33. Defendant denies the allegations contained in paragraph 33.

34. Defendant denies the allegations contained in paragraph 34.

35. Defendant denies the allegations contained in paragraph 35.

36. Defendant is without information or belief sufficient to admit or deny the allegations contained in paragraph 36, which are vague and conclusory.  Therefore, the allegations are denied.

37. Defendant denies the allegations contained in paragraph 37.

38. There is no paragraph 38.

## VI.     FIRST CLAIM FOR RELIEF

39. Defendant incorporates for reference the preceding paragraphs.

40. Paragraph 40 is a legal conclusion for which no response is required.

41. Defendant denies the allegation contained in paragraph 41 .

42. Defendant denies the allegations contained in paragraph 42.

43. Defendant denies that Plaintiffs are entitled to the relief sought and denies that it engaged in the unlawful acts alleged. Defendant denies the balance of the allegations contained in paragraph 43.

44. Defendant denies the allegations contained in paragraph 44.

## VII.    SECOND CLAIM FOR RELIEF

45. Defendant incorporates for reference the preceding paragraphs.

46. Defendant admits that Plaintiffs assert a claim but deny that Plaintiffs are representative of the alleged class. Defendant denies the balance of the allegations contained in paragraph 46.

47. Defendant denies that certification of a collective action is appropriate and denies that Plaintiffs are similarly situated to the member of the proposed class. Defendant denies the balance of the allegations in paragraph 47.

48. Paragraph 48 is a legal conclusion to which no response is required.

49. Defendant denies the allegations contained in paragraph 49.

50. Defendant denies the allegations contained in paragraph 50.

51. Defendant denies the allegation contained in paragraph 51.

52. Defendant denies the allegations contained in paragraph 52.

53. Defendant denies the allegations contained in paragraph 53.

## VIII.   EQUITABLE TOLLING

54. Defendant incorporates for reference the preceding paragraphs.

55. Defendant denies the allegations contained in paragraph 55.

56. Defendant denies the allegations contained in paragraph 56.

57. Paragraph 57 is a legal conclusion to which no response is required.

58. Paragraph 58 is a legal conclusion to which no response is required.

59. Defendant denies the allegations contained in paragraph 59.

60. Defendant denies that Plaintiffs are entitled to any of the relief requested in their Prayer.

## IX.   AFFIRMATIVE DEFENSES AND OTHER DEFENSES

In addition to Defendant's responses to the corresponding paragraphs of Plaintiffs' Complaint, Defendant sets forth and incorporate the following affirmative defenses, defenses, and other matters of avoidance to the claims alleged in Plaintiffs' Complaint:

61. Plaintiffs fail to state a claim for which relief may be granted.

62. Plaintiffs were independent contractors, not employees, and therefore, not covered by the FLSA.  Alternatively, Plaintiffs were appropriately compensated at a rate of time-and-one-half for all hours worked over 40.

63. Plaintiffs are not entitled to relief under the FLSA because they have already been paid for all hours worked.  In the alternative, and only in the event that there is a finding that Plaintiffs are eligible for wages under the FLSA and worked in excess of 40 hours in a workweek without appropriate compensation, any such alleged unpaid hours were *de minimis* and such overtime wages should be calculated by multiplying hours worked over 40 in a workweek by one-half times the regular rate of pay – not time-and-one-half.

64. Plaintiffs recorded their hours of work. To the extent that Plaintiffs worked any hours in excess of 40 hours in a workweek without appropriate compensation, Plaintiffs' "off-the-clock" claims are barred because such activities were not compensable under the FLSA and/or Defendant had no knowledge or, nor should it have had knowledge of, any such off-the-clock work, and it did not authorize, require, request, suffer, or permit such activity by Plaintiffs.

65. Plaintiffs' claims are barred under the Portal-to-Portal Act of 1947, 29 U.S.C. § 254, as amended, as to all hours during which Plaintiffs were engaged in (a) walking, riding, or traveling to and from the actual place(s) of the principal activities he performed, or (b) activities which were preliminary or postliminary to their principal activities, which occur either prior to the time on any particular workday at which such employee commences, or subsequent to the time on any particular workday at which he ceases, such principal activity or activities.

66. Although expressly denying liability, all claims not brought within the two-year FLSA statute of limitations, 29 U.S.C. § 216(b) and § 255 or, if there is a finding that any purportedFLSA violation is willful, within the three-year FLSA statute of limitations, are barred.

67. Plaintiffs' claims for liquidated damages are barred by 29 U.S.C. §216(b). Defendant acted in good faith and with reasonable grounds for believing that its acts or omissions were not a violation of the FLSA or were in conformity with applicable regulations, orders, rulings, and interpretations and on the applicable administrative practices and enforcement policies. 29 U.S.C. §§ 259-260.

68. Plaintiffs have not and cannot satisfy the requirements for proceeding in a collective action under the FLSA. Notice is inappropriate under *Swales v. KLLM Transp. Servs.*, 985 F.3d 430 (5th Cir. 2021), because Plaintiffs and putative Collective Action Members are not

similarly situated and answering the merits questions raised in Plaintiffs' Complaint requires a highly individualized scrutiny into Plaintiff's and each potential opt-in's circumstances.

69. Although this action is not appropriate for notice, no putative plaintiff is a party to this action unless and until he or she files a written consent form to join this lawsuit. All defenses and affirmative defenses asserted in connection with Plaintiffs' claims are also hereby asserted against each person who files a written consent to participate in this action and any other plaintiff.

Although expressly denying liability, and only if there is a finding that Plaintiffs or others are eligible for wages under the FLSA and worked more than 40 hours in a workweek without appropriate compensation, Defendant paid extra compensation to Plaintiffs and others qualifying as overtime premiums. This extra compensation paid to Plaintiffs and others is excludable from the calculation of the regular rate and is creditable towards statutory overtime compensation under the FLSA. *See* 29 U.S.C. § 207(e) and (h); 29 C.F.R. §§ 778.200-.207.

## JURY DEMAND

70. Defendant respectfully demands a jury on all triable issues of fact.

WHEREFORE, Defendant respectfully requests that Plaintiffs take nothing; and for such other and further relief, at law or in equity, to which Defendant may show itself justly and lawfully entitled.

Respectfully submitted,

By: /s/ Holly B. Williams
    Holly B. Williams
    Texas Bar No. 00788674

**WILLIAMS LAW FIRM, P. C.**
1209 W Texas Ave
Midland, TX 79701-6173
432-682-7800

432-682-1112 (Fax)
holly@williamslawpc.com

Matthew French
State Bar No. 24085314
matt@frenchbenton.com

**FRENCH BENTON, PLLC**
415 W. Wall Street, Suite 1505
Midland, TX  79701
432-888-8996

**ATTORNEYS FOR DEFENDANT
FRAC SPYDER, LLC**

## CERTIFICATE OF SERVICE

I hereby certify that on January 15, 2024, I electronically submitted the foregoing document with the Clerk of Court for the U.S. District Court, Western District of Texas, using the electronic case filing (CM/ECF) system of the court.

/s/ Holly B. Williams
Holly B. Williams