IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION

**JESSIE BROWN, CARLOS BROWN,**                                  **PLAINTIFFS**
**and VICTOR GARCIA**

vs.                               No. 7:23-cv-182-DC-RCG

**FRAC SPYDER, LLC**                                                  **DEFENDANT**

**FIRST AMENDED AND SUBSTITUTED COMPLAINT—COLLECTIVE ACTION**

Plaintiffs Jessie Brown, Carlos Brown, and Victor Garcia, by and through their attorneys of Sanford Law Firm, PLLC, and for their First Amended and Substituted Complaint—Collective Action ("Complaint") against Defendant Frac Spyder, LLC ("Defendant"), state and allege as follows:

### I.     PRELIMINARY STATEMENTS

1. This is a collective action brought by Plaintiffs Jessie Brown, Carlos Brown, and Victor Garcia ("Plaintiffs") on behalf of themselves and on behalf of other Hourly Oil Field Workers employed by Defendant at any time within a three-year period preceding filing of this Complaint.

2. Plaintiffs bring this action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, civil penalties and costs, including reasonable attorneys' fees as a result of Defendant's failure to pay Plaintiffs overtime compensation for all hours worked in excess of forty (40) hours per week.

3. Upon information and belief, for at least three (3) years prior to the filing of this Complaint, Defendant has willfully and intentionally committed violations of the FLSA as described, *infra*.

4. The purpose of this First Amended and Substituted Complaint is to remove Plaintiff Jeremy Evans.

## II.   JURISDICTION AND VENUE

5. The United States District Court for the Western District of Texas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

6. The acts complained of herein were committed and had their principal effect against Plaintiffs within the Midland/Odessa Division of the Western District of Texas; therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391.

7. Defendant does business in this District, has its principal place of business in this District, and a substantial part of the events alleged herein occurred in this District.

## III.   THE PARTIES

8. Plaintiffs repeat and re-allege all the preceding paragraphs of this Complaint as if fully set forth in this section.

9. Plaintiff Jessie Brown is a resident and citizen of Lubbock County. He was employed by Defendant as a Lead Diesel Operator – Fuel Technician within the three (3) years preceding the filing of the Original Complaint.

10. Plaintiff Carlos Brown is a resident and citizen of Caddo Parish, Louisiana. He was employed by Defendant as a Fuel Technician within the three (3) years preceding the filing of the Original Complaint.

11. Plaintiff Victor Garcia is a resident and citizen of El Paso County. He was employed by Defendant as a Fuel Technician within the three (3) years preceding the filing of the Original Complaint.

12. At all times material herein, Plaintiffs have been entitled to the rights, protection and benefits provided under the Fair Labor Standards Act 29 U.S.C. § 201, *et seq*.

13. Defendant Frac Spyder, LLC, is a Texas for-profit corporation having a registered agent for service of process of Frankie Barela, 218 N. Main Street, Unit C, Midland, Texas 79701.

14. Defendant is an "employer" within the meaning set forth in the FLSA, and was, at all times relevant to the allegations in this Complaint, Plaintiffs' employer.

15. Defendant has employees engaged in commerce and has employees handling or otherwise working on goods or materials that have been moved in or produced for commerce by others.

16. Defendant has an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated).

17. Defendant's workers routinely use hard hats, wrenches, and other tools in performing their job duties. Thus, its employees used, handled, sold, and/or worked on, goods or materials that were produced for or traveled in interstate commerce.

### IV.     FACTUAL ALLEGATIONS

18. Plaintiffs repeat and re-allege all the preceding paragraphs of this Complaint as if fully set forth in this section.

19. During part of the three (3) years prior to the filing of this lawsuit, Plaintiffs worked for Defendant as Fuel Technicians.

20. As Fuel Technicians, Plaintiffs' primary duties included assisting those working at oil well sites to assist in pumping and fracking oil wells.

21. Plaintiffs were classified as hourly employees for the entire duration of their employment with Defendant and were paid an hourly rate.

22. During their shifts, Plaintiffs almost always worked in excess of forty (40) hours per week throughout their tenure with Defendant. Plaintiffs regularly worked 90 to 100 hours per week. Other Fuel Technicians worked similar hours.

23. Defendant purported to pay Plaintiffs and other Fuel Technicians an overtime premium of one and one-half times their regular rate of pay for their hours worked over forty (40) in week, but in reality only paid an overtime premium on a portion of the hours Plaintiffs and other Fuel Technicians worked over forty (40) in a week.

24. Defendant paid Plaintiffs and other Fuel Technicians their regular rates of pay for up to thirty (30) hours of time worked over forty (40) in week, and only paid an overtime premium of one and one-half times their regular rates of pay for the remaining hours.

25. For example, if Plaintiffs worked 200 hours in a two-week pay period, the first 110 hours were compensated at Plaintiffs' regular rate, with only the remaining 90 hours compensated at an overtime premium.

26. Additionally, Plaintiffs and other Fuel Technicians regularly worked hours that were not recorded on their time sheets and were therefore uncompensated.

27. For example, Plaintiffs would be required to continue working after their shifts ended in order to achieve goals set by Defendant.

28. Plaintiffs and other Fuel Technicians are entitled to 1.5 times their regular rate of pay for all hours worked in excess of forty (40) in a week.

29. Defendant failed to pay Plaintiffs and other Fuel Technicians overtime compensation at a rate of one and one-half (1.5) times their regular rate of pay for all of their hours worked in excess of forty (40) hours per week even though Defendant was aware of how many hours Plaintiffs worked.

30. Defendant knew, or showed reckless disregard for whether, the way they paid Plaintiffs and other Fuel Technicians violated the FLSA.

## V.   REPRESENTATIVE ACTION ALLEGATIONS

31. Plaintiffs repeat and re-allege all the preceding paragraphs of this Complaint as if fully set forth in this section.

32. Plaintiffs bring this claim for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons similarly situated as Fuel Technicians who were or are employed by Defendant and who are entitled to payment for all overtime wages earned which Defendant failed to pay from three years prior to the date of the filing of this lawsuit, through the time of the trial of this case.

33. Plaintiffs are unable to state the exact number of the class but believe that the class membership exceeds 20 persons but is less than 50 persons. Defendant can readily identify the members of the class, who are a certain portion of the current and former employees of Defendant.

34. The names and physical and mailing addresses of the probable FLSA collective action plaintiffs are available from Defendant, and notice should be provided to the probable FLSA collective action plaintiffs via first class mail to their last known physical and mailing addresses as soon as possible.

35. The cell phone numbers and email addresses of many of the probable FLSA collective action plaintiffs are available from Defendant, and notice should be provided to the probable FLSA collective action plaintiffs via text message and/or email to their last known cell phone number and/or email address as soon as possible.

36. Oilfield workers are by definition not at their residences as frequently as many other working-class Americans. As such, they rely on email just as much as or more so than typical wage earners, who themselves live their lives with a growing dependence upon email as opposed to traditional U.S. Mail.

37. The proposed FLSA class members are similarly situated in that they share these traits:

A. They were classified by Defendant as non-exempt from the overtime requirements of the FLSA;

B. They were paid hourly;

C. They recorded their time in the same manner; and

D. They were subject to Defendant's common policy of failing to pay an overtime rate for all hours worked over forty (40) per work week.

## VI.    FIRST CLAIM FOR RELIEF
### (Individual Claims for Violations of FLSA)

38.    Plaintiffs repeat and re-allege all the preceding paragraphs of this Complaint as if fully set forth in this section.

39.    29 U.S.C. § 207 requires employers to pay employees one and one-half times the employee's regular rate for all hours that the employee works in excess of forty (40) per week.  29 U.S.C.S. § 207.

40.    Defendant failed to pay Plaintiffs at a rate of one and one-half times their regular rate for all hours worked over forty (40) hours per week, despite their entitlement thereto.

41.    Defendant's conduct and practice, as described above, has been and is willful, intentional, unreasonable, arbitrary and in bad faith.

42.    By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiffs for, and Plaintiffs seek, unpaid overtime wages, liquidated damages, pre-judgment interest, civil penalties and costs, including reasonable attorney's fees as provided by the FLSA.

43.    Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiffs as provided by the FLSA, Plaintiffs are entitled to an award of prejudgment interest at the applicable legal rate.

## VII.    SECOND CLAIM FOR RELIEF
### (Collective Action Claim for Violation of FLSA)

44.    Plaintiffs repeat and re-allege all the preceding paragraphs of this Complaint as if fully set forth in this section.

45. Plaintiffs assert this claim on behalf of all Hourly Oil Field Workers employed by Defendant to recover monetary damages owed by Defendant to Plaintiffs and members of the putative class for unpaid overtime compensation for all the hours they worked in excess of forty (40) per week.

46. Plaintiffs bring this action on behalf of themselves and all other similarly situated employees, former and present, who were and/or are affected by Defendant's willful and intentional violation of the FLSA.

47. 29 U.S.C. § 207 requires employers to pay employees one and one-half times the employee's regular rate for all hours that the employee works in excess of forty (40) per week.  29 U.S.C.S. § 207.

48. Defendant failed to pay Plaintiffs and those similarly situated at a rate of one and one-half times their regular rate for all hours worked over forty (40) hours per week, despite their entitlement thereto.

49. Because these employees are similarly situated to Plaintiffs, and are owed overtime for the same reasons, the proposed class is properly defined as follows:

**All hourly Oil Field Workers employed by Defendant, including Fuel Technicians and similar positions, within the past three years.**

50. Defendant's conduct and practice, as described above, has been and is willful, intentional, unreasonable, arbitrary and in bad faith.

51. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiffs and all those similarly situated for, and Plaintiffs and all those similarly situated seek, unpaid overtime wages, liquidated damages, pre-judgment interest, civil penalties and costs, including reasonable attorney's fees as provided by the FLSA.

52. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiffs and all those similarly situated as provided by the FLSA, Plaintiffs and all those similarly situated are entitled to an award of prejudgment interest at the applicable legal rate.

## VIII. EQUITABLE TOLLING

53. Plaintiffs repeat and re-allege all the preceding paragraphs of this Complaint as if fully set forth in this section.

54. The applicable statute of limitations for Plaintiffs' FLSA cause of action on behalf of themselves and all others similarly situated should be tolled because strict application of the statute of limitations would be inequitable.

55. Defendant, as an employer with a duty to comply with the FLSA and the means to do so, was and has been at all relevant times in a far superior position than Plaintiffs or members of the proposed class to understand the FLSA and apply it appropriately, and Defendant should not be permitted to benefit from this imbalance of power by the passage of time.

56. Further, FLSA regulations require that all employers display posters advising employees of their minimum wage and overtime pay rights. 29 C.F.R. § 516.4.

57. An employer's failure to post required FLSA notices regarding minimum wage and overtime provisions can toll the statute of limitations. United States v. Sabhnani, 566 F. Supp. 2d 139 (E.D.N.Y. 2008); Henchy v. City of Absecon, 148 F. Supp. 2d 435, 439 (D.N.J. 2001); Kamens v. Summit Stainless, Inc., 586 F. Supp. 324, 328 (E.D. Penn. 1984).

58. Defendant failed to post all appropriate notices regarding the FLSA.

## IX.   PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiffs Jessie Brown, Carlos Brown, and Victor Garcia respectfully pray as follows:

(a)   That Defendant be summoned to appear and answer herein;

(b)   That Defendant be required to account to Plaintiffs and the Court for all of the hours worked by Plaintiffs and all monies paid to them;

(c)   A declaratory judgment that Defendant's practices alleged herein violate the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516 *et seq.*;

(d)   Certification of, and proper notice to, together with an opportunity to participate in the litigation, all qualifying current and former employees;

(e)   Judgment for damages for all unpaid overtime compensation under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516 *et seq.*;

(f)   Judgment for liquidated damages pursuant to the Fair Labor Standards Act, 29 US.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516 *et seq.*, in an amount equal to all unpaid overtime compensation owed to Plaintiffs during the applicable statutory period;

(g)   An order directing Defendant to pay Plaintiffs pre-judgment interest, reasonable attorney's fees and all costs connected with this action; and

(h)   Such other and further relief as this Court may deem necessary, just and proper.

Respectfully submitted,

**JESSIE BROWN, CARLOS BROWN, and VICTOR GARCIA, PLAINTIFFS**

SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Suite 510
Little Rock, Arkansas 72211
Telephone: (800) 615-4946
Facsimile: (888) 787-2040

*/s/ Sean Short*
Sean Short
Ark. Bar No. 2015079
sean@sanfordlawfirm.com

## CERTIFICATE OF SERVICE

I, Sean Short, hereby certify that on the date imprinted by the CM/ECF system, a true and correct copy of the foregoing AMENDED COMPLAINT was electronically filed via the CM/ECF system, which will provide notice to the following attorneys of record:

Holly B. Williams, Esq.
WILLIAMS LAW FIRM, P.C.
1209 W. Texas Ave.
Midland, Texas 79701-6173
Telephone: (432) 682-7800
Facsimile: (432) 682-1112
holly@williamslawpc.com

*/s/ Sean Short*
**Sean Short**