IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION

**JESSIE BROWN, CARLOS BROWN,**  **PLAINTIFFS**
**and VICTOR GARCIA**

vs.   No. 7:23-cv-182-DC-RCG

**FRAC SPYDER, LLC**   **DEFENDANT**

## JOINT RULE 26(f) REPORT

1. Are there any agreements or stipulations that can be made about any facts in this case or any element in the cause(s) of action?

   **Not at this time.**

2. State the parties' views and proposals on all items identified in Fed. R. Civ. P. 26(f)(3).

   a. **26(f)(3)(A).** What changes should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement of when initial disclosures were made or will be made.

   **The parties agree that they will make initial disclosures within 30 days after entry of the Scheduling Order.**

   b. **26(f)(3)(B).** The subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues.

   **Discovery will be needed on all of the elements of Plaintiffs' claims and Defendant's defenses to those claims; issues related to collective action certification; issues related to willfulness / intent; and damages.**

   **Discovery should be conducted in two phases – the preliminary discovery phase and the substantive discovery phase.
   Pursuant to** Swales v. KLLM Transport Services, L.L.C.**, 985 F.3d 430 (5th Cir. 2021), the preliminary discovery phase will be limited to documents and information relevant to whether the purported collective action members alleged by Plaintiffs are "similarly situated" to Plaintiffs.**

    c. **26(f)(3)(C).** Any issues about disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced.

    **The parties agree that information should be provided in native form, searchable form, or in Excel spreadsheets. The parties believe that they can resolve any issues that may arise related to ESI discovery.**

    d. **26(f)(3)(D).** Any issues about claims of privilege or of protection as trial-preparation materials, including—if the parties agree on a procedure to assert these claims after production—whether to ask the court to include their agreement in an order under Federal Rule of Evidence 502.

    **None.**

    e. **26(f)(3)(E).** What changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed.

    **The parties consent to the electronic service of all documents that require service on an opposing party, including but not limited to Initial Disclosures, Interrogatories, Requests for Production of Documents, Requests for Admissions, and Notices of Deposition, as well as Responses to Interrogatories, Requests for Production of Documents, and Requests for Admission, at the primary e-mail address at which each attorney of record receives ECF filings in this case with courtesy copies as requested. The parties agree that discovery may be signed by e-signature rather than by hand. The parties agree to produce and deliver paper or electronic copies of any documents which would ordinarily be produced subject to Federal Rules of Civil Procedure 26 or 34.**

    f. **26(f)(3)(F).** Any other orders that the court should issue under Rule 26(c) or under Rule 16(b) and (c).

    **None.**

3. What, if any, discovery has been completed? What discovery remains to be done? Have the parties considered conducting discovery in phases?

   **No discovery has been completed to date. All discovery remains to be completed.**

4. What, if any, discovery disputes exist or are anticipated?

   **None at this time.**

5.  Have the parties discussed mediation?

    **The parties have not discussed mediation. The parties feel that mediation may be appropriate after some level of discovery has been completed.**

6.  Do the parties anticipate needing to complete preliminary discovery that will be necessary in aiding the Court's determination of whether a group of "employees" is "similarly situated"?

    **Yes.**

        Respectfully submitted,

        **JESSIE BROWN, CARLOS BROWN, and VICTOR GARCIA, PLAINTIFFS**

        SANFORD LAW FIRM, PLLC
        Kirkpatrick Plaza
        10800 Financial Centre Pkwy, Suite 510
        Little Rock, Arkansas 72211
        Telephone: (501) 221-0088
        Facsimile: (888) 787-2040

        */s/ Sean Short*
        Sean Short
        Ark. Bar No. 2015079
        sean@sanfordlawfirm.com

**and**    **DEFENDANT FRAC SPYDER, LLC**

        WILLIAMS LAW FIRM P.C.
        1209 W. Texas Ave.
        Midland, Texas 79701
        Telephone: (432) 682-7800
        Facsimile: (432) 682-1112

        */s/ Holly B. Williams (w/permission)*
        Holly B. Williams
        Texas Bar No. 00788674
        holly@williamslawpc.com

FRENCH BENTON, PLLC
415 W. Wall Street, Suite 1505
Midland, Texas 79701
Telephone: (432) 888-8996

Matthew French
Texas Bar No. 24085314
matt@frenchbenton.com

### CERTIFICATE OF SERVICE

I, Sean Short, do hereby certify that on the date imprinted by the CM/ECF system, a true and correct copy of the foregoing document was filed via the CM/ECF system, which will provide notice to the attorneys named below:

Holly B. Williams, Esq.
WILLIAMS LAW FIRM, P.C.
1209 W. Texas Ave.
Midland, Texas 79701
Main: (432) 682-7800
Fax: (432) 682-1112
holly@williamslawpc.com

Matthew French, Esq.
FRENCH BENTON, PLLC
415 W. Wall Street, Suite 1505
Midland, Texas 79701
(432) 888-8996
matt@frenchbenton.com

/s/ Sean Short
**Sean Short**