IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION

| | | |
|---|---|---|
| **JESSIE BROWN, CARLOS BROWN,** § | | |
| **and VICTOR GARCIA, individually** § | | |
| **and on behalf of all others similarly** § | | |
| **situated,** § | | |
| *Plaintiffs,* § | | MO:23-CV-00182-DC-RCG |
| § | | |
| **v.** § | | |
| § | | |
| **FRAC SPYDER, LLC,** § | | |
| *Defendant.* § | | |

## PRELIMINARY DISCOVERY CONTROL PLAN

The Parties' Joint Status Report (Doc. 15) is adopted by the Court, as described in the below Order. Therefore, the following dates and parameters are entered to control the course of preliminary discovery in this case:

1. The Parties' preliminary discovery will run through **April 15, 2024**. The Parties may seek leave of court for additional time if scheduling conflicts arise.

2. The Parties agree to conduct preliminary discovery as follows:

    a. [T]he preliminary discovery phase will be limited to documents and information relevant to whether the purported collective action members alleged by Plaintiffs are "similarly situated" to Plaintiffs.

3. Responses to discovery identified in this Preliminary Discovery Control Plan are due within **30 days after this Order**, unless the parties agree otherwise.

4. **Deciding the Applicable Definition of Similarly Situated:** Plaintiff shall have **21 days after** the close of preliminary discovery to file his Motion for Notice to Similarly Situated Opt-in Plaintiffs. Defendants' Response will then be due **14 days after** Plaintiff's Motion for Notice is filed.

5. The Court will construe Plaintiff's failure to submit a definition of similarly situated within the aforementioned amount of time as a waiver of proceeding collectively and will require Plaintiff to proceed on an individual basis.

6. **Final Scheduling Order:** The parties shall submit a proposed scheduling order to the Court on or before **April 15, 2024**. The content of the proposed scheduling order shall include proposals for all deadlines set out in the form for scheduling order contained in Appendix "B" to the Local Rules. The parties shall endeavor to agree concerning the contents of the proposed order,

but in the event they are unable to do so, each party's position and the reasons for the disagreement shall be included in the proposed schedule submitted to the court. In the event the plaintiff has not yet obtained service on all defendants, the plaintiff shall include an explanation of why all parties have not been served. The scheduling proposals of the parties shall be considered by the trial court, but the setting of all dates is within the discretion of the Court. The parties shall indicate in the proposed order that they have in fact conferred as required by the federal rules of procedure.

The proposed scheduling order shall contain suggestions for the following deadlines:

a. A report on alternative dispute resolution in compliance with Local Rule CV-88 (the standard period being **60 days** before the date of the trial setting).

b. The parties asserting claims for relief shall submit a written offer of settlement to opposing parties (the standard period being **90 days** after the first defendant's appearance), and each opposing party shall respond, in writing (the standard period being **104 days** after the first defendant's appearance).

c. The parties shall file all motions to amend or supplement pleadings or to join additional parties by (the standard period being **120 days** after the first defendant's appearance).

d. All parties asserting claims for relief shall file their designation of potential witnesses, testifying experts, and proposed exhibits, and shall **SERVE ON ALL PARTIES, BUT NOT FILE the materials required by Federal Rule of Civil Procedure 26(a)(2)(B)** by (the standard period being **90 days** before the discovery deadline). Parties resisting claims for relief shall file their designation of potential witnesses, testifying experts, and proposed exhibits, and shall **SERVE ON ALL PARTIES, BUT NOT FILE the materials required by Federal Rule of Civil Procedure 26(a)(2)(B)** by (the standard period being **45 days** before the close of discovery). All designations of rebuttal experts shall be filed within 14 days of receipt of the report of the opposing expert.

e. An objection to the reliability of an expert's proposed testimony under Federal Rule of Evidence 702 shall be made by motion, specifically stating the basis for the objection and identifying the objectionable testimony, within (the standard period being **30 days**) days of receipt of the written report of the expert's proposed testimony, or within (the standard period being **30 days**) days of the expert's deposition, if a deposition is taken, whichever is later.

f. The parties shall complete discovery (the standard period being **six months** after the first defendant's appearance). Counsel may by agreement continue discovery beyond the deadline, but there will be no intervention by the Court except in extraordinary

    circumstances, and no trial setting will be vacated because of information obtained in post-deadline discovery.

g. All dispositive motions shall be filed (the standard period being **30 days** after the discovery deadline). Dispositive motions and responses to dispositive motions shall be limited to (the standard page limit for this Court is 20) pages in length.

h. The Court will set the case for trial by separate order. The order will establish trial type deadlines to include pretrial matters pursuant to Local Rule CV-16(e)-(g).

It is so **ORDERED**.

SIGNED this 26th day of February, 2024.

                                                          _____
                                                          RONALD C. GRIFFIN
                                                          UNITED STATES MAGISTRATE JUDGE