IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND-ODESSA DIVISION

| | |
|---|---|
| **JESSIE BROWN, CARLOS BROWN, AND VICTOR GARCIA,** § § § | |
| **Plaintiffs,** § § | |
| v. § | CAUSE NO. 7:23-cv-00182-DC-RCG |
| **FRAC SPYDER, LLC,** § § § | |
| **Defendant.** § | |

### JOINT MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT AND STIPULATION OF DISMISSAL WITH PREJUDICE

Plaintiffs Jessie Brown, Carlos Brown, and Victor Garcia and Defendant Frac Spyder, LLC, (collectively referred to as the "Parties") seek Court approval of the settlement recently reached in this matter.

The Parties represent that the settlement is fair and equitable. Should the court approve the settlement, then pursuant to Rule 41(a)(1)(ii) of the Federal Rules of Civil Procedure, the Parties stipulate to the dismissal of this case with prejudice, with each of the Parties to bear their own respective attorneys' fees and court costs.

### I. Introduction and Procedural Posture

This action was filed under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, *et. seq.* ("FLSA") alleging that Defendant failed to pay Plaintiffs overtime wages as required by law [Doc. 1]. The Parties have negotiated and resolved Plaintiffs' claims. Now, because the Parties have reached an agreement that disposes of all Plaintiffs' claims for unpaid overtime wages, liquidated damages, and attorneys' fees and costs, the Parties request that the Court approve the agreement and dismiss Plaintiff's claims and this case with prejudice.

## II. Argument & Authorities

Because Plaintiffs' claims arise under the FLSA, the Court must scrutinize the settlement for fairness before approving it. *Schulte v. Gangi*, 328 U.S. 108, 113 n.8 (1946); *Collins v. Sanderson Farms, Inc.*, 568 F. Supp. 2d 714, 717 (E.D. La. 2008). This is because "[t]he provisions of the [FLSA] are mandatory, and not subject to negotiation and bargaining between employers and employees." *Collins*, 568 F. Supp. 2d at 718. "When a court scrutinizes an FLSA settlement agreement, it must determine that the compromise is a fair and reasonable resolution of a bona fide dispute over the FLSA's provision." *Domingue v. Sun Elec. & Instrumentation, Inc.*, No. 09-cv-682, 2010 U.S. Dist. LEXIS 40768, at *1–*2 (E.D. La. Apr. 26, 2010).

The Fifth Circuit has held that parties may enter into private enforceable agreements settling FLSA claims when a bona fide dispute as to liability exists. *Martin v. Spring Break '83 Prods., LLC*, 688 F.3d 247 (5th Cir. 2012). In reaching its decision, the court approved of the rationale expounded by *Martinez v. Bohls Bearing Equip. Co.*, 361 F.Supp.2d 608, 634 (W.D. Tex. 2005), in which the court concluded that "parties may reach private compromises as to FLSA claims where there is a bona fide dispute as to the amount of hours worked or compensation due." *Id*. at 255 (quoting *Martinez*, 361 F.Supp.2d at 631); see also *Martinez*, 361 F.Supp.2d at 634 (explaining "a private compromise of claims under the FLSA is permissible where there exists a bona fide dispute as to liability"). A release in compliance with such a compromise is enforceable. See *Martin*, 688 F.3d at 255; *Martinez*, 361 F.Supp.2d at 631. The *Martin* court also held that the private settlement agreement between the parties was enforceable because the plaintiffs in that case were "benefitting from legal counsel before the Settlement Agreement was signed," and "knew about their rights under the FLSA." See *Martin*, 688 F.3d at n.10.

In this case, the Parties mutually agree that there exists a bona fide dispute as to Defendant's liability, if any, the amount of hours worked by Plaintiffs during their employment with Defendants, and the compensation due, if any. As a result of the litigation efforts expended in this case by the Parties, and in order to avoid a potentially costly and lengthy trial setting, Plaintiffs and Defendant have reached a private settlement of all claims, defenses and disputes between them in this cause. During negotiation, and at the time of execution, Plaintiffs had the benefit of the undersigned legal counsel and were aware of their rights under the FLSA. By entering into this settlement, Defendant is not admitting any liability or violation of the FLSA, and liability is specifically denied.

Through negotiation, the Parties reached a settlement of their dispute. The terms of the settlement have been approved by Plaintiffs, Plaintiffs' counsel, Defendants and Defendants' counsel. In arriving at the proposed settlement, the Parties considered: (i) liability disputes; (ii) whether Plaintiffs are entitled to liquidated damages; (iii) whether Defendant acted willfully and the appropriate statute of limitations; (iv) the correct method for calculating damages, if any, (v) the disputed amount of overtime hours allegedly worked, (vi) the disputed amount of overtime wages allegedly owed, (vii) the applicability of certain exemptions, (viii) the likelihood of Plaintiffs' success on their claims, and (ix) other factual and legal issues. The settlement was negotiated at arms' length. The settlement amount includes both estimated unpaid overtime wages for Plaintiffs, an equal amount for liquidated damages, and Plaintiffs' attorneys' fees. The terms of the settlement, including the amount of alleged unpaid wages, liquidated damages and attorneys' fees, are fair, reasonable, and in the best interests of the Parties. *Cotton v. Hinton*, 559 F.2d 1326, 1331 (5th Cir. 1977) (strong presumption in favor of finding a settlement fair).

The terms of the settlement agreement reached by the Parties are confidential. However, if the Court would like to review the terms of the settlement agreement, then the Parties respectfully request that they be permitted to submit a copy of the settlement agreement for *in camera* inspection to the protect the confidentiality of the terms.

### III.  Conclusion

The Parties and their counsel agree that the settlement agreement is a reasonable compromise of Plaintiffs' claims in light of the procedural posture of the case, the litigation risks, and the ever-escalating costs. Because the settlement agreement is a reasonable compromise, the Parties request that their settlement agreement be approved and that this case be dismissed with prejudice.

| | |
|---|---|
| Respectfully Submitted, | Respectfully Submitted, |
| SANFORD LAW FIRM, PLLC<br>10800 Financial Centre Pkwy, Ste 510<br>Little Rock, AR 72211<br>Telephone: (800) 615-4946<br>Facsimile: (888) 787-2040 | WILLIAMS LAW FIRM, P.C.<br>1209 W. Texas Ave.<br>Midland, TX 79701<br>Telephone: (432) 682-7800<br>Facsimile: (432) 682-1112 |
| By: */s/ Sean Short*<br>    Sean Short<br>    Ark. Bar. No 2015079<br>    sean@sanfordlawfirm.com | By: */s/ Holly B. Williams*<br>    Holly B. Williams<br>    Tex. Bar No. 00788674<br>    holly@williamslawpc.com |
| **ATTORNEY FOR PLAINTIFFS** | **ATTORNEY FOR DEFENDANT** |

## CERTIFICATE OF SERVICE

    I hereby certify that on November 26, 2024, I electronically submitted the foregoing document with the Clerk of Court for the U.S. District Court, Western District of Texas, using the electronic case filing (CM/ECF) system.

                                        /s/ Holly B. Williams
                                        Holly B. Williams